WHIPPLE, C.J.,
concurring.
|,In considering this matter de novo, as we must, I note that the contract at issue (and the resulting injunction) restricts defendant from “carrying on or engaging in” a competing business in a significant geographic area, i.e., in 34 parishes spanning a huge geographic area across three states. Thus, although not raised as error, I am troubled by the extensive geographic area set forth in the agreement, which I find comes perilously close to rendering such a contract unenforceable as an overly broad *673 restriction on the interests of free enterprise. However, this issue was not specifically challenged on appeal. Nonetheless, I recognize that the legislature has not included any limitation on the geographic scope of a non-compete agreement — only that the time specified in a non-compete agreement can not exceed two years. Accordingly, the result reached by the majority in this regard is correct.
Moreover, while I am sympathetic to the issue of fundamental fairness impacted by upholding such agreements, even where no additional economic consideration has been given, as noted and set forth in the well-reasoned dissenting opinion by Judge Shortess in this court’s Cellular One decision, I am nonetheless bound to follow this circuit’s prior published opinion. Thus, I concur in the result, which is legally correct.